[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11433
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 91-00176-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 8, 2010)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Jermaine Graham, a pro se federal prisoner convicted of a crack cocaine offense, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the Sentencing Guidelines. No reversible error has been shown; we affirm.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that later has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). But a reduction of a term of imprisonment is unauthorized under section 3582(c)(2) if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706 retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008). Whether a sentence reduction is warranted under Amendment 706 is driven by drug quantity: if a defendant is responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce his applicable guidelines range; and he is ineligible for a sentence reduction under section 3582(c)(2). United States v. Jones, 548 F.3d

2

1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009) (explaining that "a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more" of crack cocaine). At his original sentencing, Graham was held accountable for 5 kilograms of crack cocaine. Therefore, Graham was responsible for more than 4.5 kilograms of crack cocaine; Amendment 706 did not apply to him; and the district court lacked authority to reduce his sentence. See id.

Here, it appears that the district court believed Amendment 706 did apply to Graham: the court reduced Graham's base offense level from 40 to 38 but, after considering the 18 U.S.C. § 3553(a) sentencing factors, declined to grant Graham a sentence reduction because, in part, Graham had shown no remorse for his acts. On appeal, Graham argues that the district court abused its discretion in concluding that he showed no remorse for his acts. Because the district court lacked authority to grant a reduction under Amendment 706, it was error for the district court to undertake an analysis of the sentencing factors. See United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000) (describing the two-step process the district court undertakes after it has determined that a retroactive amendment lowers a defendant's guidelines range and that, under the second step, the court must consider the sentencing factors in section 3553(a) and determine whether, in its discretion, it will reduce a defendant's sentence).

3

But the error was harmless because the outcome of the section 3582 proceeding would not change absent the error; and Graham's substantial rights were not affected. See United States v. Olano, 113 S.Ct. 1770, 1778 (1993) (for an error to affect substantial rights, it "must have affected the outcome of the district court proceedings"). Because Graham was unentitled to a sentence reduction under Amendment 706 based on the drug quantity for which he was accountable, we affirm the district court's denial of his section 3582(c)(2) motion. See United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996) (we may affirm on any ground supported by the record).[1]

AFFIRMED.[2]

---

[1]We also reject Graham's argument that he had a Sixth Amendment right to counsel in his section 3582(c)(2) proceeding. See United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009) (concluding that there is no constitutional right to counsel in a section 3582(c)(2) proceeding).

[2]In his initial brief, Graham raised claims about the disparity between crack and powder cocaine and his due process rights. But in his reply brief, he concedes that these claims are without merit. Thus, he has abandoned them.